UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10128-RWZ

UNITED STATES OF AMERICA

v.

RAFAEL VASQUEZ

MEMORANDUM AND ORDER

March 1, 2007

ZOBEL, D.J.

On December 13, 2005, Fall River police, acting on a tip from a confidential informant ("CI"), stopped the car in which defendant was riding. After the stop, defendant admitted he was armed, and the police found crack cocaine and a loaded handgun in his possession. Defendant has moved to suppress the incriminating evidence, and the court held an evidentiary hearing on February 21, 2007. At the hearing, defendant's counsel offered two arguments to support suppression of the evidence: (1) the arrest of the CI prior to December 13 on charges of false uttering and forgery undermined his reliability and therefore could not support probable cause for the stop, search and arrest; or, (2) even if the stop itself only required reasonable suspicion (thus rendering the reliability of the CI moot), the conduct of the police officers after stopping the car constituted a de facto arrest without probable cause. Defense counsel conceded however, that if, as the government asserted, the CI had

provided reliable information <u>after</u> his arrest on a crime of dishonesty, then the police would have had probable cause to arrest defendant and defendant's motion would inevitably fail, regardless of the post-stop police conduct. During the remainder of the evidentiary hearing, this, then, became the central issue.

The government provided the testimony of Robert C. Jacob ("Jacob"), the Fall River police detective who dealt with the CI in question. Jacob testified to the standard procedures utilized by the Fall River police in employing confidential informants, as well as to details of the events leading up to the stop of the car in which defendant was a passenger on December 13. At the completion of the hearing, the government submitted several police arrest records for an <u>in</u> <u>camera</u> inspection by the court to substantiate its contention that the CI supplied reliable information on three occasions, including that leading to defendant's arrest, after his own arraignment on September 8, 2005, on the charges of false uttering and forgery.

The difficulty with the proffered police records is that they do not provide any information concerning the CI's role in those cases. None of the records indicate anything more than that on three occasions, two of them after the date of the CI's arraignment, Jacob along with other Fall River police officers executed a search warrant, found contraband and made an arrest. Nothing in the documents indicates that the CI provided any information leading to any of the arrests. Indeed, each record merely notes the existence of a valid search warrant, not the basis on which it was obtained.

However, the testimony of Detective Jacob, which I find credible, established that the search warrants in all three cases were obtained on the basis of information supplied by the same CI who provided information on December 13, 2005, which led to defendant's arrest. Jacob testified that in each of these three cases, the information provided concerning drug dealing, the individuals involved and the locations of contraband turned out to be accurate and resulted in the arrest of a suspect and ultimately in three separate convictions. And the records show that the latter two arrests took place on September 22, 2005 and October 13, 2005, both after the date of the CI's arraignment on September 8, 2005. These latter two incidents are sufficient to rehabilitate the CI; he was clearly reliable, despite his earlier arrest on a crime of dishonesty. See United States v. Elliott, 322 F.3d 710, 716 (9th Cir. 2003) ("[Informant's] record of providing six reliable drug-related tips in the preceding three months was sufficient to overcome any doubts raised by his motives and prior criminal and personal behavior [including an arrest for forgery.]"); see also United States v. Barnard, 299 F.3d 90 (1st Cir. 2002) (finding the credibility of an informant is enhanced where "the CI was known to the police and could be held responsible if his assertions proved inaccurate or false"); United States v. Khounsavanh, 113 F.3d 279, 284, 286 (1st Cir. 1997) (noting that "the risk that informant is lying or in error need not be wholly eliminated" and that "convictions obtained as a result of information supplied in the past by the informant" may form the basis for the officer's belief that the informant is reliable).

Therefore, I find that the Fall River police had probable cause, based on the information supplied by the CI, to stop, search and arrest defendant on December 13, 2005. Accordingly, defendant's motion to suppress evidence (Docket #29) is DENIED.

|  |  |
|---|---|
| March 1, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |